UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Mark McGarrett Lewis ) | |
| ) | CR No.: 4:09-cr-949-RBH |
| v. ) | |
| ) | **ORDER** |
| United States of America ) | |
| ) | |
| _____ ) | |

This matter is before the court on petitioner Mark McGarrett Lewis' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

I.   BACKGROUND AND PROCEDURAL POSTURE

Petitioner was charged in a five count indictment with possession with intent to distribute and distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Counts One, Two, Three); possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count Four); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), 924(a)(2) and 924(e) (Count Five). Petitioner entered a guilty plea to Count Four of the indictment on May 6, 2010. On September 21, 2010, the court sentenced petitioner to 80 months imprisonment. No appeal was taken.

Petitioner returns to this court by way of petition filed July 11, 2011, to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. He contends that his trial counsel, Nicholas Lewis, denied him effective assistance of counsel. Trial counsel filed an affidavit

1

regarding the matter on August 19, 2011. The government filed a response to the petition on August 26, 2011, together with a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court apprised petitioner of his right and obligation to respond to the motion for summary judgment, which response Petitioner filed on October 11, 2011.

II. APPLICABLE LAW

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). In deciding a § 2255 motion, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon,* 205 Fed. Appx. 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon,* 231 F.3d 923, 925-27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving

2

inconsistencies beyond the record." *United States v. Robinson,* 238 Fed. Appx. 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson,* 495 F.3d 134, 139-40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statement of fact.'" *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States,* 68 F.3d 238, 240 (8th Cir. 1995)).

After studying the parties' positions as set out in their respective submissions, the court has determined that an evidentiary hearing is not necessary and that the § 2255 petition should be denied for the reasons set out in this order.

III.  GROUNDS FOR PETITION

Petitioner contends in his Petition that his trial counsel denied him effective assistance of counsel in his representation regarding his sentencing and that he should be re-sentenced.

A. INEFFECTIVE ASSISTANCE OF COUNSEL

Claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255. The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. CONSTITUTION. amend VI. The United States Supreme Court has interpreted the Sixth Amendment to require that counsel be effective. *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson,* 397 U.S. 759, 771, n.14 (1970)). In order to prevail on an ineffective assistance claim, petitioner must satisfy the two-prong test of *Strickland*, 466 U.S.

3

668: (1) that his "counsel's representation fell below an objective standard of reasonableness," *id*. at 688; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. . A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court applying the *Strickland* test may apply either prong first and does not need to analyze both prongs of the test if petitioner makes "an insufficient showing on one." *Id*. at 697.

In examining the performance of counsel, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . ." *Id*. at 689. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the "distorting effects of hindsight." *Id*.

Regarding "deficient performance," the court must defer to counsel's tactical decisions and give counsel the benefit of a strong presumption of reasonableness. *See id.* at 689. While an attorney has a duty to investigate reasonable claims and defenses, an attorney's performance cannot be deemed ineffective or deficient if he fails to raise a defense which is "very weak". *Smith v. State of South Carolina*, 882 F.2d 895, 898 (4th Cir. 1989); *Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3rd Cir. 1996). A habeas petitioner alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome may have been different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Id.* A defendant cannot show that a proceeding was fundamentally unfair if the underlying claims the attorney failed to raise are

4

meritless, because the outcome of the proceeding would not have been different.

Construing petitioner's motion liberally, the court finds his claim of ineffective assistance of counsel to be without merit. Therefore, he cannot show that he was prejudiced by his counsel's performance.

**Ground One**: "Counsel was ineffective for failing to point out to the District Court at sentencing that Lewis should not receive 'recency' points regarding his criminal history score, since he was sentenced after Amendment 742 was submitted to Congress, pursuant to 18 U.S.C. § 3553(a)(4)(A)(I)." (Attachment to Petition, Docket Entry # 116-1, p.3 ).

Petitioner contends that, had this issue been presented to the Court, his criminal history category under the Guidelines would have been amended to place him in a criminal history category III rather than category IV. Contrary to Petitioner's assertions, the issue was in fact considered by this Court. The Statement of Reasons states: "The Court granted one level off the defendant's criminal history category based on the upcoming guideline amendments which will take effect in November of 2010. In these Amendments, the recency points will be deleted." (Docket Entry # 90, p. 3). Therefore, Petitioner's argument lacks merit.

**Ground Two**: "Counsel was ineffective for failing to point out to the District Court at sentencing that Lewis should have received the 18 to 1 cocaine base ratio, due to the fact that the Sentencing Commission had already submitted to Congress their Emergency Amendment which complied with the Fairness in Sentencing Act's directives, when he was sentenced, pursuant to 18 U.S.C. § 3553(a)(4)(A)(I)."

The temporary, emergency amendments to the sentencing guidelines were promulgated on October 15, 2010, after the petitioner's sentencing date on September 21, 2010. Therefore, counsel could not have been ineffective for failing to make arguments on the basis of amendments which had not yet been promulgated. Additionally, United States

5

Probation has recently analyzed the effect of the Fair Sentencing Act on the petitioner's sentence in light of the new guidelines and prepared a Sentence Reduction Report indicating that the petitioner's guideline range remained the same. This Court has denied the petitioner's motions relating to the amended guidelines on the basis that the guideline range remained the same. The reason for this is that Petitioner was held accountable for, not only the crack which was converted to the new conversion weight using the new drug equivalency tables, but also the powder cocaine and marijauna for which he was responsible and which still left him at a base offense level of 30. (See Docket Entry # 142.) This argument also lacks merit.

**Ground Three**. "Counsel was ineffective for failing to argue at sentencing that there existed a clear improbability that the firearm that was found in the residence was possessed by him, hence, that the 2 level increase under 2D1.1(b)(1) was improper."

In his affidavit, counsel states that Petitioner gave conflicting statements to DEA agents concerning the firearm and that he believed if he contested the sentencing enhancement regarding the gun, then the government would polygraph the petitioner regarding the issue. He feared that, if the petitioner failed a polygraph examination, then the government would not file a Motion for Downward Departure pursuant to § 5K1.1. The government did in fact file a Motion for Downward Departure, which was granted by the Court. Therefore, counsel's strategy was reasonable.[1]

---

[1] The Court believes that Petitioner received a very favorable sentence, after review of the PSR and the letter from counsel which the petitioner attaches to his "Traverse Reply in Opposition to Government's Motion for Summary Judgment," Docket Entry # 136-3. In that letter, counsel states: "I am glad to hear that you have corresponded with a 'big time lawyer who only does Federal cases from California and explained to you how and why your sentencing was flawed.' I only wonder in your discussions with him, did you happen to mention

6

Additionally, if counsel had objected, his arguments would have been overruled because they lack merit. Application Note 3(A) to Section 2D1.1 states:

> The enhancement for weapon possession in subsection (b)(1) reflects the increased danger of violence when drug traffickers possess weapons. The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense.

Petitioner's argument is that the drugs and the gun were found in different air conditioning vents and that the gun was not possessed by him. However, both the drugs and the gun were found in the same residence of the petitioner, and the Court believes it was not by coincidence that the drugs and the gun were hidden using the same type of concealment, an air-conditioning vent. Even under the facts argued by the petitioner, it is not clearly improbable that the gun was connected with the offense.

His argument that the statements by the confidential informant only showed that he possessed larger caliber firearms and therefore the smaller caliber firearm was not his but belonged to his wife is unpersuasive both on the merits and from the standpoint of the ineffective assistance counsel analysis based on *Strickland*.

Based on the above, Petitioner has failed to show any deficient performance on the part of his attorney and therefore his claim of ineffective assistance of counsel cannot be sustained. Thus, the allegation of the petitioner lacks merit.

---

that there was enough drug weight in your case to indict you under Section 841(b)(1)(A) (50 grams or more crack cocaine); and then because of your prior record, with Section 851 enhancements, you could have been facing a mandatory minimum of life imprisonment. In light of the fact that you were only indicted under Section 841(b)(1)(B) (5 to 40 years) and 851 enhancements were never filed against you, it is my opinion that your sentencing was not 'flawed'."

IV. CONCLUSION

For the reasons contained herein, petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. Respondent's motion for summary judgment is granted. **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006).

**IT IS SO ORDERED**.


March 29, 2012                                        s/R. Bryan Harwell  
Florence, South Carolina                   R. Bryan Harwell  
                                                               United States District Judge